RILEY SAFER HOLMES & CANCILA LLP
JOSHUA L. ROQUEMORE (CSB No. 327121)
jroquemore@rshc-law.com
100 Spectrum Center Drive, Suite 650
Irvine, California 92618
Telephone: (949) 359-5500
Facsimile: (949) 359-5501

Attorneys for Defendant UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HELLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., and DOES 1 to 10, inclusive,<br><br>Defendant. | Case No. ____________________<br><br>(San Francisco County Superior Court, Case No. CGC-26-638348)<br><br>**DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) AND 1453 (CAFA)**<br><br>Complaint Filed: July 23, 2026 |

PLEASE TAKE NOTICE THAT Defendant United Airlines, Inc. ("United") hereby removes the above-captioned lawsuit from San Francisco County Superior Court to the above-captioned Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446. United provides the following in support of this Notice of Removal.

## I. <u>Basis for Removal.</u>

1. This putative class action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because United has satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

2. CAFA jurisdiction exists because the action (1) includes alleged class members whose citizenship is diverse from that of United, (2) has at least 100 putative class members, and

(3) places in controversy an aggregate amount in excess of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6).

**II. <u>Procedural History and Plaintiff's Putative Class Claims.</u>**

3. Plaintiff Donald Heller ("Plaintiff") filed his putative Class Complaint ("Complaint" or "Compl.") against United on June 18, 2026. The combined Summons, Complaint, and corresponding proof of service are attached hereto as **Exhibit 1**. United was served with the Complaint on July 23, 2026. (Exh. 1.)

4. In the Complaint, Plaintiff claims United deployed third-party advertising tracking technology on its website after representing to users that they may decline such tracking. (*See* Exh. 1, Compl. ¶¶ 1–13.) Plaintiff alleges this was accomplished by United causing "Plaintiff's browser to store a persistent third-party advertising cookie" affiliated with Google's advertising network. (*Id.* at ¶ 10.) Plaintiff alleges this was accomplished via Google's "IDE" cookie. (*Id.*)

5. Plaintiff proposes a Class defined as follows:

> All natural persons who, within three years prior to the filing of this Complaint and continuing through the date of class certification, while physically located in California, visited www.united.com, affirmatively rejected non-essential cookie categories including Advertising cookies through United's consent interface, and nevertheless had a third-party advertising identifier, including but not limited to the DoubleClick "IDE" cookie under the domain doubleclick.net, installed or operating on their browser during that session.

(Exh. 1, Compl. at ¶ 66.)

6. Plaintiff also brings this action on behalf of a Subclass defined as follows:

> All members of the Class who visited www.united.com, within two years prior to the filing of this Complaint and continuing through the date of class certification.

(*Id.* at ¶ 67.)

7. United has not yet filed a response to the Complaint, and United does not concede through this Notice that Plaintiff has stated a viable claim for relief or that United is liable to Plaintiff or any putative class member in any respect.

## III. Procedural History and Plaintiff's Putative Class Claims

8. United has complied with all procedural requirements for removal.

9. This Notice of Removal has been filed within 30 days of service of the Complaint on United, and it accordingly is timely. *See* 28 U.S.C. § 1446(b)(1).

10. Venue is proper in this Court because the San Francisco County Superior Court is located in the San Francisco Division of the United States District Court for the Northern District of California. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court . . . for the district and division embracing the place where such action is pending").

11. As required under 28 U.S.C. § 1446(a), United has attached copies of all process, pleadings, and orders served upon United with respect to this action. (*See* Exh. 1.)

12. As required under 28 U.S.C. § 1446(d), promptly following the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned will give counsel for Plaintiff written notice of such filing. A true and correct copy of this notice form is attached hereto as **Exhibit 2** (without attachments). Written notice will also be filed with the Clerk of the Superior Court of the County of San Francisco. A true and correct copy of this notice form is attached hereto as **Exhibit 3** (without attachments).

## IV. This Court Has Subject Matter Jurisdiction Under CAFA.

13. Under CAFA, this Court has diversity jurisdiction over any asserted class action that: (1) includes at least one class member whose citizenship is diverse from that of at least one defendant; (2) has at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more.[1] *See* 28 U.S.C. § 1332(d)(2), (d)(5)-(6).

---

[1] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Plaintiff asserted his class allegations pursuant to California's similar class action rule. (*See* Exh. 1, Compl. ¶ 66 (citing California's Code of Civil Procedure section 382).)

14. United denies that any class could properly be certified in this matter or that Plaintiff is entitled to any damages or other relief. However, based on the information discussed below and the allegations in Plaintiff's pleading, all requirements for jurisdiction under CAFA are met in this case.

**A. There is Minimal Diversity.**

15. CAFA's minimal diversity requirement is satisfied because Plaintiff and United are citizens of different states.

16. United is informed and believes, and on that basis alleges, that Plaintiff is a citizen of California. (Exh. 1, Compl. ¶ 17.)

17. United is not a citizen of California. United is a Delaware corporation with its principal place of business in Illinois. (*Id.* at ¶ 18 (alleging "United is a Delaware corporation with its principal place of business in Illinois.").) United is therefore a citizen of the states of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"); *3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63 (9th Cir. 2018).

**B. The Asserted Class Would Include More Than 100 Members**

18. Plaintiff affirmatively asserts in the Complaint that he believes the putative "Class Members . . . number in at least the thousands, if not more." (Exh. 1, Compl. ¶ 69.) A plaintiff's good faith allegations regarding facts supporting jurisdiction are to be accepted as true. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

**C. The Asserted Class Claims Place More Than $5,000,000 In Controversy.**

19. The Supreme Court has held that, under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Submission of evidence is not required at removal. *Id.*; *accord Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) ("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of jurisdictional elements") (citation omitted). When a defendant invokes CAFA as the

basis for jurisdiction, the Court should not apply any presumption in favor of remand, as Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89.

20. Because removal occurs at the outset of litigation, "the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy." *Jauregui v. Roadrunner Transp. Services, Inc.*, 28 F.4th 989, 993 (9th Cir. 2022). Therefore, it is understood that the amount in controversy is not an assessment of defendant's liability, but simply "reflects the *maximum* recovery the plaintiff[s] could reasonably recover" based on the allegations. *Arias*, 936 F.3d at 927. In establishing that CAFA's $5 million threshold is met, the removing party may rely on a "chain of reasoning that includes assumptions" and will meet its burden so long as the "reasoning and underlying assumptions are reasonable." *Jauregui*, 28 F.4th at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)).

21. In this case, based on Plaintiff's allegations, the amount in controversy exceeds $5,000,000.

22. Specifically, Plaintiff alleges that thousands of putative Class Members were damaged because United caused third-party advertising infrastructure to be installed and used on their browsers. (*See, e.g.*, Exh. 1, Compl. ¶ 99.) Plaintiff further alleges that United's violation of data privacy permissions "resulted in the alteration of data residing within Plaintiff's browser and the continued use of Plaintiff's computer resources to transmit advertising-related identifier information to third-party domains." (*Id.* at ¶ 104.)

23. Plaintiff alleges United's actions caused Plaintiff and thousands of putative Class Members to suffer "harm and an economic loss." (*Id.* at ¶ 105.) Plaintiff alleges that "Plaintiff and the Class Members paid valuable consideration for" and were deprived of the full use and value of "their devices, their storage, memory and processing capabilities, well as their internet network." (*Id.*) Plaintiff further alleges that "Plaintiff and Class Members provided Defendant and Google with valuable information" and free data collection "without their consent or knowledge." (*Id.* at ¶ 106.) Plaintiff alleges this data is "inherently valuable" and comprises 90% of Google's revenue.

(*Id.*) Plaintiff alleges that he and other Class Members should be compensated with money damages for this valuable data. (*Id.*)

24. In further support of his claimed damages, Plaintiff cites the cost of a typical Virtual Private Network ("VPN") to protect data privacy, which ranges from $3.39 to $7.99 per month. (*Id.* at ¶ 107.)

25. Plaintiff also alleges that Plaintiff and Class Members have suffered actual damages in an amount equal to the consideration Class Members would have voluntarily accepted in exchange for their data. (*Id.* at ¶ 110.) Plaintiff alleges that such damages may be ascertained by the use of "consumer surveys and straightforward economic analysis," but they are "not less than $11.38 per month for each month that the IDE cookie remained on a Class Member's browser." (*Id.*) Plaintiff alleges that United "continues to deploy the IDE tracking cookie on California consumers' browsers to this day." (*Id.* at ¶ 113.) Accordingly, Plaintiff's damages include at least $11.38, multiplied by "thousands" of Class Members, multiplied by an indefinite number of months.

26. Plaintiff further demands "[s]tatutory damages of $5,000 per violation pursuant to Penal Code § 637.2." (*Id.* at Prayer for Relief ¶ 3.) Even if there are only 1,000 putative Class Members (Plaintiff alleges "thousands" or more), the claimed statutory damages alone total $5,000,000. The combined value of claimed statutory damages, the alleged the cost of VPNs, and the alleged value of Class Members' data—and considering the putative Class is likely well beyond 1,000 Class Members—easily exceeds $5,000,000.

27. As noted above, United denies that Plaintiff has stated a claim to relief and denies that Plaintiff or any putative class members are entitled to damages in connection with the asserted claims. Nonetheless, the analysis set forth above makes clear that Plaintiff's claims, as alleged, place at least $5,000,000 in controversy.

28. For all the foregoing reasons, United has demonstrated that all prerequisites for CAFA jurisdiction have been met.

29. United reserves the right to supplement these papers.

**WHEREFORE**, Defendant respectfully requests that this action now pending in the Superior Court of California, County of San Francisco, be removed to this Court, and that further proceedings in this action be conducted in this Court as provided by law.

Dated: August 21, 2026

RILEY SAFER HOLMES & CANCILA LLP

By: /s/ *Joshua L. Roquemore*
Joshua L. Roquemore
Attorney for Defendant
UNITED AIRLINES, INC.

## PROOF OF SERVICE

I, the undersigned, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 100 Spectrum Center Drive, Suite 650, Irvine, California. On the date stated below, at Irvine, California, I served the attached document(s) on the parties in this action as follows:

**DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) and 1453 (CAFA)**

☑ **BY MAIL**: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepared, in the United States Mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☑ **BY E-MAIL**: By causing the document(s) listed above to be electronically served in pdf format on the parties indicated below.

| | |
|---|---|
| Law Offices of Todd M. Friedman, P.C.<br>Todd M. Friedman<br>Adrian R. Bacon<br>Matthew R. Snyder<br>23586 Calabasas Rd., Suite 105<br>Calabasas, CA 91302<br>T: 323-306-4234<br>tfriedman@toddflaw.com<br>abacon@toddflaw.com<br>insnyder@toddflaw.com | Attorney for Plaintiff<br>DONALD HELLER |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 21, 2026, at Irvine, California.

*//s// Elaine Hellwig*
Elaine Hellwig